**SO ORDERED.**
**SIGNED this 21st day of November, 2018**



Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

CHARLES THOMAS CAMERON

Debtor

Case No. 3:18-bk-32028-SHB
Chapter 7

# O R D E R

As required by 11 U.S.C. § 329(a), Debtor's counsel, Richard M. Mayer and John P. Newton, Jr., filed a Disclosure of Compensation of Attorney for Debtor(s) ("Disclosure") on July 2, 2018 [Doc. 4], setting forth, *inter alia*, the amount, source, and nature of the compensation paid to their firm, Mayer & Newton, for services to be rendered on Debtor's behalf in this Chapter 7 bankruptcy case. The Disclosure reflects that Mayer & Newton has agreed to accept a total fee of $1,162.00, of which $462.00 has previously been paid by Debtor in this case, leaving a balance due of $700.00, for the following services:

> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required; c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof; d. [Other provisions as needed] Negotiations with secured creditors to reduce to market value; exemption planning; preparation

and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.

[Doc. 4 at ¶ 5.] The only services excluded by the Disclosure are "[r]epresentation of the debtors in any dischargeability or discharge actions, any other adversary proceeding and Motions to Redeem under 11 USC 722." [Doc. 4 at ¶ 6.]

Upon review of the Disclosure, the Court, on its own motion, directs Mr. Mayer and/or Mr. Newton to appear on December 20, 2018, at 9:00 a.m., in Bankruptcy Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, Knoxville, Tennessee, to show cause why the fee arrangement set forth in the Disclosure whereby they have charged Debtor a flat fee of $1,162.00 but did not collect the entire fee pre-petition is not contrary to the principles established by this Court in *In re Waldo*, 417 B.R. 854, 885 (Bankr. E.D. Tenn. 2009) (holding that flat fees are pre-petition obligations "irrespective of when services were to be rendered" and "unpaid portions of a flat fee contracted for pre-petition constitute[] a pre-petition obligation of a debtor which is dischargeable"), and *In re Lawson*, 437 B.R. 609 (Bankr. E.D. Tenn. 2010) ("To state it plainly, the court finds that a pre-petition contract which fixes or predetermines the total amount of the fee a debtor is required to pay for both pre- and post-petition services establishes a "flat fee" under the authority of *Waldo*[.]").

###